

**SO ORDERED.**

**SIGNED this 28 day of September, 2007.**

_____
                        **A. Thomas Small**
                **United States Bankruptcy Judge**

_____

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### FAYETTEVILLE DIVISION

IN RE:                                                    CASE NO.

**NATIONAL GAS DISTRIBUTORS, LLC**                        **06-00166-8-ATS**

     **DEBTOR**


**RICHARD M. HUTSON, II, TRUSTEE FOR**
**NATIONAL GAS DISTRIBUTORS, LLC**
**f/k/a PAUL LAWING, JR., LLC**                           **ADVERSARY PROCEEDING NO.**

     **Plaintiff**                  **S-06-00268-8-AP**

     **v.**

**E.I. DU PONT DE NEMOURS AND COMPANY**

     **Defendant.**

### ORDER REGARDING MOTION FOR STAY PENDING APPEAL AND
### EXTENDING DEADLINES IN SCHEDULING ORDER

The matters before the court are the motion for stay pending appeal filed by the defendant, E.I. Du

Pont De Nemours and Company ("Du Pont"), and a request to extend the discovery deadline in this and

all related adversary proceedings.  A hearing took place in Raleigh, North Carolina on September 26,

2007.

National Gas Distributors ("NGD") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on January 20, 2006. Richard M. Hutson, II was appointed chapter 11 trustee. The trustee filed complaints against numerous former customers of NGD, including Du Pont, seeking to avoid, pursuant to 11 U.S.C. §§ 548(a)(1)(A) and (A)(1)(B), bankruptcy transfers made by the debtor, and to recover those transfers from the defendants pursuant to § 550(a)(1). All of the adversary proceedings are following the same scheduling timeframes, and the various defendants have entered into agreements allowing for the use of joint experts and expense sharing.

Several of the defendants raised affirmative defenses alleging that the transfers are not avoidable "because such transfers were made by or to a swap participant under or in connection with swap agreements before the commencement of the case, and the transfers are therefore excepted from avoidance pursuant to section 546(g) of the Bankruptcy Code." Du Pont and two of the other defendants, Smithfield Packing Company, Inc. ("Smithfield") and Stadler's Country Hams, Inc. ("Stadler's"), filed motions to dismiss and for summary judgment on the swap agreement affirmative defense.

The court denied the motions for summary judgment in orders dated May 24, 2007, and denied the defendants' motions to amend the order of May 24, 2007, in orders dated June 20, 2007. Smithfield, Stadler's, and Du Pont filed motions for leave to appeal the two orders, which were granted by the United States District Court for the Eastern District of North Carolina on September 12, 2007. The district court also certified the appeal to the United States Court of Appeals for the Fourth Circuit, and that court is considering whether to accept the direct appeal or to require the appeal to be heard by the district court in the first instance.

2

Smithfield, Stadler's, and DuPont now seek a stay of the three adversary proceedings in which they are defendants, as well as all other similar adversary proceedings, pending the resolution of their appeals. Several of the defendants in the related adversary proceedings have joined in the motion and/or have filed motions to stay within their own adversary proceeding. The defendants maintain that if this court's prior orders are reversed, they will have an absolute defense to the trustee's causes of action, and that continuing with discovery and other pretrial matters will be a needless expenditure of money and judicial resources. The trustee opposes the motions, contending that if the appellate court does not affirm this court's orders in their entirety, at most the court would provide guidance for a matter that would ultimately have to be tried on the facts of each case. The trustee also contends that discovery is well underway, and that the risk of faded memories and lost documents is substantial in these cases.

It is apparent that these adversary proceedings should not be tried while the appeal is pending. However, the trustee makes a convincing argument that discovery should proceed. Discovery is well underway; experts have been retained, the plaintiff's expert report has already been provided to the defendants, boxes of documents have been produced, and written discovery is in progress. The adversary proceedings relate to events that took place two years ago, and if memories have not already faded, it will be more difficult for witnesses to reconstruct events and agreements if there is further delay. The court acknowledges that there is a split of authority on the issue of whether "faded memories" is a sufficient basis on which to deny stay pending appeal, but the Fourth Circuit has not decided this issue and in these cases it is important for discovery to proceed. Accordingly, the motion to stay pending appeal will be denied with respect to discovery, but allowed with respect to the trial.

At the hearing, the defendants raised the issue of the cost of expert discovery as a basis for their motion.  The court inquired whether discovery could be bifurcated, suggesting that factual discovery could proceed while the expert discovery is stayed, but both parties stated that such bifurcation would not be practical.  The parties might reconsider this issue in an effort to save costs while the appeal is pending.

Based on the above ruling, the deadlines in the scheduling orders for all related adversary proceedings will be amended as follows:

(a) The last day to file and serve the written reports of defendants' experts shall be **December 14, 2007.**

(b) All discovery shall be completed not later than **February 1, 2008.**

(c) All other motions shall be filed by **March 7, 2008.**

(d) The last day for filing and serving pre-trial disclosures shall be **March 21, 2008.**

This order is without prejudice to the right of any party to seek further extensions.

Based on the foregoing, the motion for stay pending appeal is **DENIED** with respect to discovery and **ALLOWED** with respect to the trial, and the scheduling orders are amended as set forth above.

**SO ORDERED.**

**END OF DOCUMENT**